# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NAKIETA ROBINSON | * |
| And | * |
| BRIDGETTE CATRON | * |
| *On Behalf of Herself and All Other Similarly Situated Individuals* | * |
| PLAINTIFFS, | * |
| v. | * Case No.: |
| KKC HOLDINGS, INC. D/B/A CATWALK OF MEMPHIS SERVE: LEGALINC CORPORATE SERVICES, INC. 1620 Fawns Creek Xing Kametria Kirk Mount Juliet, Tennessee 37122 | * |
| DEFENDANT. | * |

********************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Nakieta Robinson ("Robinson") and Bridgette Catron ("Catron") (together, "Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated individuals, hereby bring this Collective Action Complaint against the Defendant KKC Holdings, Inc. d/b/a The Catwalk of Memphis ("Defendant"), and for grounds states as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs are each adult residents of Memphis, Tennessee.

2. Defendant is a corporation formed under the laws of Tennessee with its principal place of business in Memphis, Tennessee and its principal business being the operation of an exotic dance club known as The Catwalk of Memphis located at 3880 Lamar Avenue Memphis, Tennessee 38118.

3. During the period relevant to this action (April 2016 through the date of judgment, hereinafter "the relevant period"), Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at the club, within the meaning of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

4. During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spiritous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

5. By acting as the named Plaintiffs in this action, Plaintiffs do each hereby affirm their consent to participate as a plaintiff in a collective action seeking relief under the FLSA.

6. This Court has personal jurisdiction of the Defendant, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

7. During the entirety of the relevant period, Plaintiffs were each employed by Defendant as exotic dancers at Defendant's "The Catwalk of Memphis" gentlemen's club in Memphis, Tennessee.

8. During the period of Plaintiffs' employment, the number of shifts each Plaintiff worked varied from week to week.

9. During the period of Plaintiffs' employment, the exact number of hours each Plaintiff worked varied from week to week.

10. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for each Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

11. At all times, Defendant had actual knowledge of all hours each Plaintiff and all

other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at the club.

12. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week.

13. At all times relevant, Defendant totally failed to pay wages to Plaintiffs and all other exotic dancers for work duties performed.

14. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at The Catwalk of Memphis as independent contractors and not as employees.

15. At all times, Defendant controlled all aspects of the job duties Plaintiffs and all other exotic dancers performed inside the Catwalk of Memphis gentlemen's club through employment rules and workplace policies.

16. At all times, Defendant controlled the method by which Plaintiffs and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

17. At all times, Plaintiffs and other exotic dancers were required to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

18. At all times, Defendant hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

19. At all times, Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient

quality.

20. At all times, Defendant conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at Defendant's sole discretion, could deny either Plaintiff or any other dancer access or ability to dance and/or work at The Catwalk of Memphis.

21. At all times, Defendant had the right to suspend or send Plaintiffs or other exotic dancers home and away from the club if Plaintiffs or other dancers violated rules or policies or if Defendant, at its discretion, did not want either Plaintiff or any other dancer at the club.

22. As a condition of employment with Defendant, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

23. At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiffs and each other exotic dancer to perform as exotic dancers for Defendant's customers.

24. In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendant required Plaintiffs and all other exotic dancers to pay Defendant a house fee or kickback of $25.00-$50.00 or more for each shift Plaintiffs and the other exotic dancers worked.

25. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs and other exotic dancers received from customers.

26. For at least the past ten (10) years, gentlemen's clubs like The Catwalk on Memphis have publically been sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA.

27. On information and belief, Defendant, and its ownership and management, had

actual or constructive knowledge that for at least the past ten (10) years, there has been ongoing or past litigation by exotic dancers against gentlemen's clubs like The Catwalk on Memphis in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA.

28. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiffs and other exotic dancers at The Catwalk on Memphis were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

29. For the entire time period relevant to this action, Defendant has had actual or constructive knowledge that it misclassified Plaintiffs and other exotic dancers at the Catwalk on Memphis as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiffs and other exotic dancers was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs are pursuing this lawsuit on behalf of themselves and all other similarly situated individuals who performed work duties as exotic dancers for Defendant at Defendant's Catwalk on Memphis gentlemen's club during the period April 2016 through the final judgment of this case.

31. Plaintiffs and other current and former exotic dancers employed by Defendant at the Catwalk on Memphis are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickback to

Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

32. Plaintiffs are substantially similar to other current and former exotic dancers employed by Defendant because all other exotic dancers and Plaintiffs are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

33. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Defendant's Catwalk on Memphis in the past three (3) years.

34. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Defendant's Catwalk on Memphis in the past three (3) years.

## CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act

35. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

36. The FLSA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

37. The FLSA required that Defendant allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

38. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

39. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

40. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

C. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiffs and other similarly situated individuals;

D. Judgment that Defendant's violations of the FLSA minimum wage requirements not the product of good faith on the part of Defendant;

E. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

F. An award to Plaintiffs and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

G. An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

    H.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

    I.  An award of attorneys' fees and costs to be determined by post-trial petition;

    J.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    K.  Such further relief as may be necessary and appropriate.

    Respectfully submitted,

Dated: April 9, 2019

s/ Alan G. Crone
Alan G. Crone, TN Bar No. 014285
Laura Bailey, TN Bar No. 027078
The Crone Law Firm, PLC
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
(844) 445-2387 (ph)
Email: acrone@cronelawfirmplc.com
        lbailey@cronelawfirmplc.com

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the FLSA Collective*